

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 F St. N.E.
Washington, DC 20549

**DIVISION OF ENFORCEMENT**

Olivia S. Choe
Senior Trial Counsel
(202) 551-4881
choeo@sec.gov

July 20, 2020

> Defendant Simeo is directed to respond to this letter by 5:00 p.m. on Friday, July 24, 2020, and to include in that response an explanation of whether he seeks to serve any discovery requests upon the SEC and an explanation of the delay in submission of his initial disclosures.
>
> SO ORDERED.
>
> */s/ Paul G. Gardephe*
> _____
> Paul G. Gardephe
> United States District Judge
> July 21, 2020

**VIA ECF**

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

    Re: *SEC v. Simeo,* **Case No. 19 Civ. 8621 (PGG)**

Dear Judge Gardephe:

    Pursuant to Paragraph I.A of the Court's Individual Rules of Practice in Civil Cases ("Rules"), plaintiff Securities and Exchange Commission ("SEC") writes to raise the following discovery issue with the Court.[1]  Despite multiple inquiries from the SEC and a meet-and-confer, defendant Tom Simeo, *pro se*, has not complied with the Court's deadlines for providing his initial disclosures and serving discovery requests.  The SEC respectfully requests that the Court enter an order requiring Mr. Simeo to submit his initial disclosures and any discovery requests he wishes to propound by a date certain.  If Mr. Simeo fails to comply with such deadline, the SEC respectfully submits that he should be barred from pursuing discovery at a later date, and further should be barred at trial from calling undisclosed witnesses or relying upon undisclosed documents.

    Under the Case Management Plan and Scheduling Order dated June 20, 2020, the parties were required to exchange initial disclosures no later than July 6, 2020.  ECF No. 22, ¶ 5.  The parties were also required, absent agreement otherwise, to serve requests for production and interrogatories no later than July 10, 2020.  *Id.* ¶¶ 7.a, 7.b.

---

[1] The SEC is aware of the procedures set forth in Paragraph IV.E of the Court's Rules for raising discovery disputes with the Court via a joint letter.  However, because Mr. Simeo is proceeding *pro se*, the standard Rules do not apply.  *See* Rules at 1 ("Unless otherwise ordered, these Individual Practices apply to all civil matters assigned to the Honorable Paul G. Gardephe, except for pro se cases." (emphasis in original)).  In light of the history set forth herein, the SEC respectfully submits this letter on its own behalf.

      The SEC served Mr. Simeo with its initial disclosures on July 6 and served its requests for production and interrogatories on July 10.  Mr. Simeo has not yet served the SEC with his initial disclosures or any discovery requests.  On July 7, 10, and 13, the SEC sent Mr. Simeo emails reminding him of the Court's deadlines and asking him to provide his initial disclosures.

      On July 15, 2020, the parties held a telephonic meet-and-confer at 12:30 p.m. ET, which lasted for approximately 30 minutes.  During the meet-and-confer, Mr. Simeo agreed that he would provide his initial disclosures no later than 12 p.m. ET on July 17, 2020.  He further agreed that by that time, he would either serve the SEC with his discovery requests, or confirm that he did not intend to propound any discovery upon the SEC.

      On July 17, 2020, Mr. Simeo emailed counsel for the SEC stating that he "need[ed] the weekend" to provide a response regarding discovery.  The SEC advised Mr. Simeo that it would seek assistance from the Court if his initial disclosures and any discovery requests he intended to make were not received by 5 p.m. ET on July 20, 2020.

      The SEC has not received Mr. Simeo's initial disclosures, nor has it received any information from Mr. Simeo about whether he intends to (belatedly) serve any discovery requests upon the SEC.  Under the current Scheduling Order, fact discovery is scheduled to close on September 16, 2020, and depositions will – under the Court's default procedures – take place between August 10, 2020, and September 16, 2020.  *See* ECF No. 22, ¶¶ 6, 7.c.  If the SEC does not receive Mr. Simeo's initial disclosures or is forced to respond to discovery requests at a later date, the SEC's ability to seek meaningful discovery and to prepare for trial will be prejudiced.

      The SEC therefore respectfully requests that the Court issue an order providing that if Mr. Simeo fails to serve the SEC with his initial disclosures by a date certain, Mr. Simeo will be barred from calling at trial any witnesses or introducing at trial any documents not listed in the SEC's initial disclosures.  The SEC further respectfully requests that the Court enter an order providing that if Mr. Simeo fails to serve the SEC with any requests for production or interrogatories by a date certain, he will be barred from propounding any such discovery requests in the future.

      Respectfully submitted,

      /s/  Olivia S. Choe
      Olivia S. Choe
      *Attorney for Plaintiff*

cc:    Tom Simeo (via e-mail)