UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
SECURITIES AND EXCHANGE COMMISSION     :
:
Plaintiff,     :
:                  19 Civ. 8621 (JPC)
-v-                    :
:                       ORDER
TOM SIMEO                              :
:
Defendant.       :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On September 3, 2021, the Court granted the Securities and Exchange Commission's ("SEC") unopposed motion for summary judgment and ordered the SEC to file a memorandum of law outlining the SEC's requested relief by September 17, 2021. Dkt. 71 ("Summary Judgment Opinion") at 22. The Court also directed Defendant Tom Simeo that "[i]f Simeo wishes to file a response to the SEC's filing regarding remedies, he must do so by October 1, 2022." *Id.* After the SEC timely filed its memorandum of law, *see* Dkt. 72, Simeo failed to file a response. Thus, as noted in its previous order, the Court "decide[s] whether to order injunctive relief and whether to impose a civil monetary penalty against Simeo without considering any arguments in opposition from Simeo." Summary Judgment Opinion at 22-23.

"Once the district court has found federal securities law violations, it has broad equitable power to fashion appropriate remedies." *SEC v. Frohling*, 851 F.3d 132, 138 (2d Cir. 2016) (quotations omitted). Congress has authorized courts to enjoin future violations of the securities laws, *see* 15 U.S.C. §§ 78u(d), 77t(b), prohibit a person from serving as an officer or director of a publicly held company, *see id.* §§ 77t(e), 78u(d)(2), and to impose a penny stock bar, *id.* §§ 77t(g),

78u(d)(6).

The circumstances here warrant imposing all three of the above equitable remedies. First, the Court permanently enjoins future violations of the securities laws by Simeo. "An injunction prohibiting a party from violating statutory provisions is appropriate where there is a likelihood that, unless enjoined, the violations will continue." *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1477 (2d Cir. 1996). The Court looks at several factors when considering the likelihood of future violations: "the fact that the defendant has been found liable for illegal conduct; the degree of scienter involved; whether the infraction is an isolated occurrence; whether defendant continues to maintain that his past conduct was blameless; and whether, because of his professional occupation, the defendant might be in a position where future violations could be anticipated." *SEC v. Cavanagh*, 155 F.3d 129, 135 (2d Cir. 1998) (quotations omitted). Here, all the factors point to a substantial likelihood of future violations—Simeo violated the federal securities laws, the record "easily supports . . . that he acted with the requisite scienter," his misconduct stretched over multiple years, he has not accepted responsibility for his actions, and his long history in capital-raising ventures places him in a position in which future violations could likely happen. *See* Summary Judgment Opinion at 7-8, 14-22; *see also* Dkt. 72 at 4 (describing Simeo's history in capital-raising ventures).

Next, the Court prohibits Simeo from serving as an officer or director of a publicly traded company and participating in future penny stock offerings. To determine whether Simeo is unfit to serve as an officer or director, the Court considers: "(1) the egregiousness of the underlying securities law violation; (2) the defendant's repeat offender status; (3) the defendant's role or position when he engaged in the fraud; (4) the defendant's degree of scienter; (5) the defendant's economic stake in the violation; and (6) the likelihood that misconduct will recur." *SEC v. Patel*,

2

61 F.3d 137, 141 (2d Cir. 1995) (quotations omitted).  And to determine whether to impose a penny stock bar, the Court uses a standard that "essentially mirrors that for imposing an officer-or-director bar."  *SEC v. Universal Exp., Inc.*, 475 F. Supp. 2d 412, 429 (S.D.N.Y. 2007), *aff'd sub nom. SEC v. Altomare*, 300 F. App'x 70 (2d Cir. 2008).

Although the SEC did not present evidence that Simeo "reaped any economic benefit from this fraud," Dkt. 72 at 7, the other factors point toward barring Simeo from serving as a director or officer of a publicly traded company and participating in a penny stock offering.  *See, e.g.*, *SEC v. China Infrastructure Inv. Corp.*, 189 F. Supp. 3d 118, 135 (D.D.C. 2016) (barring defendants from serving as officers "[a]lthough the SEC did not present evidence on each factor").  As discussed, Simeo easily met the required scienter, he had the company submit fraudulent filings over multiple years, and never accepted responsibility for his actions.  And rather than show any intent to reform his behavior, he has stopped participating in this case and destroyed evidence.  *See* Summary Judgment Opinion at 8.  Plus, Simeo—as an officer and director of the company—single-handily carried out the fraud.

Besides equitable relief, Congress has also authorized courts to impose civil penalties for violating securities laws.  *See* 15 U.S.C. §§ 77t(d), 78u(d)(3)(B).  This case involves the highest tier of penalties (known as a third-tier violation) because it "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement" and created a significant risk of a "substantial loss" to investors.  15 U.S.C. §§ 77t(d)(2)(C), 78u(d)(3)(B); *see also* Summary Judgment Opinion at 5-6 (summarizing misconduct and approximately $2 million in securities that investors bought).  For third-tier violations, the Court may impose "for each such violation" a penalty up to "the greater of (i) $100,000 for a natural person [adjusted for inflation] . . . or (ii) the gross amount of pecuniary gain to such defendant."  15 U.S.C. §§ 77t(d), 78u(d)(3); *see also* 17

C.F.R. § 201.1001. Adjusted for inflation, the applicable regulations impose a maximum penalty for individuals of $160,000 for violations between March 6, 2013 and November 2, 2015, and $195,047 for violations after November 2, 2015. *See* 17 C.F.R. § 201.1001; *Inflation Adjustments to the Civil Monetary Penalties Administered by the Securities and Exchange Commission (as of January 15, 2021)*, SEC (Dec. 1, 2021, 4:22 PM), https://www.sec.gov/enforce/civil-penalties-inflation-adjustments.htm.

Because the SEC has not shown that Simeo had any pecuniary gain, the Court "may look to either the number of violative transactions or the number of investors to whom illegal conduct was directed." *In re Rsrv. Fund Sec. & Derivative Litig.*, No. 09 Civ. 4346 (PGG), 2013 WL 5432334, at *20 (S.D.N.Y. Sept. 30, 2013); *see also SEC v. Pentagon Cap. Mgmt.*, 725 F.3d 279, 288 n.7 (2d Cir. 2013). To determine the proper penalty, courts consider: "(1) the egregiousness of the defendant's conduct; (2) the degree of the defendant's scienter; (3) whether the defendant's conduct created substantial losses or the risk of substantial losses to other persons; (4) whether the defendant's conduct was isolated or recurrent; and (5) whether the penalty should be reduced due to the defendant's demonstrated current and future financial condition." *SEC v. Haligiannis*, 470 F. Supp. 2d 373, 386 (S.D.N.Y. 2007).

"The Court has already considered most of the[] factors in deciding whether to grant the [above equitable relief] and finds that they weigh heavily against [Simeo] and in favor of civil penalties." *Id.* Simeo repeatedly and intentionally violated the securities laws. He persisted in lies that he knew were important to investors and created a substantial risk of loss to investors. And after being caught, he destroyed his laptop and fabricated evidence. Plus, Simeo has not shown any financial hardships that would prevent him from paying the civil penalty. Thus, the Court finds that Simeo warrants a near maximum per-violation penalty. It therefore treats each of the 2014 and

2015 Form 10-K annual filings as a violation and imposes a $350,000 total penalty ($160,000 for the 2014 violation and $190,000 for the 2015 violation).

The Court therefore enters the final judgment, attached as Exhibit A. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: December 1, 2021
New York, New York

                                          JOHN P. CRONAN
                                   United States District Judge

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>TOM SIMEO,<br><br>　　　　　　　Defendant. | Case No. 19-cv-8621 (JPC)(RWL) |

**FINAL JUDGMENT AS TO DEFENDANT TOM SIMEO**

The Securities and Exchange Commission having filed a Complaint; the defendant having entered a general appearance; this matter having come before the Court on the SEC's motion for summary judgment on all of its claims; and the Court having granted the SEC's motion for summary judgment, and having found Defendant Tom Simeo liable on the claims in the Complaint; and the Court having considered the evidence and submission(s) regarding remedies, and the record herein; the Court hereby enters final judgment in favor of the SEC and against the Defendant.

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

　　(a)　to employ any device, scheme, or artifice to defraud;

  (b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

  (a)  to employ any device, scheme, or artifice to defraud;

  (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

2

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $350,000 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3)(B) of the Exchange Act [15 U.S.C. § 78u(d)(3)(B)]. Defendant shall make this payment within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Tom Simeo as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: December 1, 2021
New York, New York

_____
HONORABLE JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE